IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02757–WYD–KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit corporation,
ANITA HANSEN,
ROBERT SIROWITZ,
JOSHUA STAPEN, and
ROBIN STEPHENS,

    Plaintiffs,

v.

ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES, INC., and
J.M. HOLLISTER LLC, d/b/a HOLLISTER CO.

    Defendants.

## ORDER

This matter is before the court on Plaintiffs' "Unopposed Motion for Leave to File Amended Complaint" (Doc. No. 18, filed February 25, 2010).

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Plaintiffs seeks to add an additional plaintiff due to the receipt of additional complaints of wheelchair inaccessibility at Defendants' Colorado stores from an individual who was not named in the original complaint. The deadline for amending pleadings was set by this court at April 5, 2010. Plaintiffs' motion was, therefore, timely filed. Further, the case is in the early stages of litigation.

Defendants do not oppose the motion. There has been no showing of, and the court does not find, undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that Plaintiff's "Unopposed Motion for Leave to File Amended Complaint" (Doc. No. 18) is GRANTED. The Clerk of Court shall file Plaintiffs' "Amended Complaint" (Doc. No. 18-2).

Dated this 25th day of February, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge