IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02757–WYD–KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit corporation,
ANITA HANSEN,
ROBERT SIROWITZ,
JOSHUA STAPEN, and
ROBIN STEPHENS,

    Plaintiffs,

v.

ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES, INC., and
J.M. HOLLISTER LLC, d/b/a HOLLISTER CO.

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiffs' Motion for Leave to File Second Amended and Class Action Complaint." (Doc. No. 24, filed April 5, 2010 [hereinafter "Mot."].) Defendants filed a "Memorandum in Opposition" on April 16, 2010. (Doc. No. 30 [hereinafter "Resp."]) Plaintiffs filed their Reply on April 30, 2010. (Doc. No. 32 [hereinafter "Reply"].)

In their Motion, Plaintiffs seek to amend their Amended Complaint (Doc. No. 21) to maintain a nationwide class action pursuant to Fed. R. Civ. P. 23(c)(4), as well as a state class action pursuant to the Colorado Civil Rights Act, Colo. Rev. Stat § 24–34–601, *et seq.,* based on the same facts underlying their individual claims for relief. (Mot. at 2.) Defendants object to

Plaintiffs' Motion as untimely, unduly delayed, and because Plaintiffs' proposed amendments "massively expands the scope and complexity of the Complaint as originally filed and as amended." (Resp. at 4–5.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

Defendants first object to Plaintiffs' Motion because it is untimely. (Mot. at 4.) In doing so, Defendants rely upon *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir. 1993), for

the proposition that "untimeliness alone is a sufficient reason to deny leave to amend [the complaint." (*Id.*)  However, the court finds that *Frank* is entirely inapposite to the present case. In *Frank,* the court upheld a denial of the plaintiff's motion to amend as untimely because it was filed four-and-a-half months after the district court's deadline for amending the pleadings.  3 F.3d at 1365.  Here, the Scheduling Order entered in this case specified that the deadline for joinder of parties and amendment of pleadings was April 5, 2010.  (Doc. No. 16 ¶ 9(a), entered Feb. 18, 2010 [hereinafter "Scheduling Order"].)  Plaintiffs' Motion was filed on that deadline, and is therefore patently timely.  (*See* Mot.)

The court similarly rejects Defendants' arguments that Plaintiffs were dilatory or unduly delayed in filing their Motion.  Plaintiffs have complied with the deadline for amending the pleadings and the discovery deadline is over five months away.  *Bd of County Comm'rs v. Brown Retail Group,* No. 08–cv–00855–LTB, 2009 WL 1706446, at *1 (D. Colo. June 16, 2009) (finding any argument of undue delay to be without merit where the motion to amend was filed before the deadline to amend the pleadings and discovery remained open); *but see Vester v. Asset Acceptance,* 08–cv–01957–MSK–LTM, 2009 WL 2940218, at *9 n.7 (D. Colo. Sept. 9, 2009) (finding undue delay, notwithstanding the plaintiff's compliance with the deadline to amend the pleadings, where discovery had effectively closed).  Therefore, the court finds that even if Plaintiffs knew of the potential class claims at an earlier point in the case, the proposed amendments are not unduly delayed.

The court construes Defendants' argument that allowing Plaintiffs to amend their Amended Complaint will "massively expand[] the scope and complexity" of the case (Resp. at 4)

3

to argue that Plaintiffs' proposed amendment is unduly prejudicial. The "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1207 (10th Cir. 2006). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208. However, when the amended claims "track the factual situations set forth in his [original] claims no prejudice exists." *Gillette, v. Tansy,* 17 F.3d 308, 313 (10th Cir. 1994). Moreover, courts typically only find prejudice where the "shift in the thrust of the case" due to a proposed amendment to the pleadings is late in the case. *See, e.g., Evans v. McDonald's Corp.,* 936 F.2d 1097, 1090–91 (10th Cir. 1991); *Horn v. Squire,* 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial").

Here the court finds that the subject matter of Plaintiffs' proposed amended class action claims is substantially similar to the subject matter underlying Plaintiffs' original individual claims. Plaintiffs' proposed amendments retain the same factual issues underlying their individual claims, but now instead allege, on behalf of a class, that those conditions exist not only in Defendants' Colorado stores, but in Defendants' stores nationally. Moreover, even if the court were to find that Plaintiffs' proposed amendments significantly shift the thrust of the case,

4

the court believes that Defendants have sufficient time to adjust.  This case is in its relative infancy; more than five months remain before the discovery cut-off, dispositive motions are not due for another seven months, and no trial date has been set.  (Scheduling Order ¶ 9(b–c).) Accordingly, the court finds that Defendants will not be unduly prejudiced if Plaintiffs' Motion is granted.

Finally, Defendants do not argue, and the court otherwise does not find, that the proposed amendments are futile.  *See General Steel Domestic Sales, LLC v. Steelwise*, LLC, 07–cv–1145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. 2008) (noting that the sufficiency of a claim is better addressed by a Rule 12 motion after the operative complaint is in place than pursuant to a futility argument under Rule 15(a)); *Wright v. Green,* 910 F. Supp. 510, 515 (D. Colo. 1996) (holding that a motion to amend the complaint is not the appropriate stage to evaluate the merits of a class action claim).

Therefore, it is **ORDERED**

Plaintiff's "Plaintiffs' Motion for leave to file Second Amended and Class Action Complaint." (Doc. No. 24) is **GRANTED**.  The Clerk of Court shall file Plaintiffs' "Second Amended And Class Action Complaint" (Doc. No. 24–1) attached to Plaintiff's Motion.

Dated this 12th day of May, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge