IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02757–WYD–KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit Corporation,
ANITA HANSEN,
ROBERT SIROWITZ,
JOSHUA STAPEN,
ROBIN STEPHENS, and
BENJAMIN HERNANDEZ,

    Plaintiffs,

v.

ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES, INC, and
J.M. HOLLISTER LLC, d/b/a HOLLISTER CO.,

    Defendants.

**ORDER**

This matter is before the court on the "Unopposed Motion to Stay Discovery and Scheduling Order Pending Resolution of Defendants' Motion to Dismiss" (Doc. No. 61, filed August 6, 2010).

Plaintiffs filed their "Second Amended and Class Action Complaint" on May 12, 2010. (Doc. No. 34.) On May 26, 2010, Defendants filed a Motion to Dismiss for Lack of Standing pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 35.) The Motion to Dismiss is presently pending

before Chief District Judge Wiley Y. Daniel.  Defendants now move for a stay of discovery and a stay of the Scheduling Order pending resolution of Defendants' Motion to Dismiss.

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2.2007) (citation omitted).  However, a stay may be appropriate in certain circumstances.  The Court weighs several factors when evaluating the propriety of a stay.  *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test).  The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties; and (5) the public interest in general.  *Id.*  Here, these factors weigh in favor of the entry of a stay.

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion.  *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936).  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931). Moreover, lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

In this case, there is no prejudice to any party by granting a stay; in fact, the parties jointly request that the court stay the discovery process pending resolution of the Motion to Dismiss. The court agrees that in this case it is sensible to determine the threshold issues of subject matter jurisdiction before putting the parties through the process and expense of discovery. The court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result. Therefore, it is

**ORDERED** that the "Unopposed Motion to Stay Discovery and Scheduling Order Pending Resolution of Defendants' Motion to Dismiss" (Doc. No. 61) is GRANTED. Discovery and the deadlines set in Scheduling Order are stayed pending ruling on Defendants' Motion to

Dismiss. The parties shall file a joint status report within ten days of the district court's ruling on the Motion to Dismiss if any portion of the action remains pending.

Dated this 9th day of August, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge