IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.09-cv-02757-WYD-KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit Corporation, *et al.*,

    Plaintiffs,

v.

ABERCROMBIE & FITCH CO., *et al.*,

    Defendants.

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

    Plaintiffs, by and through counsel, hereby move for partial summary judgment on the grounds that the steps at the main entrances to the Hollister stores at two local malls violate Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*.

    Over five years after passage of the ADA -- with its requirement that all newly constructed public accommodations be accessible to people with disabilities, 42 U.S.C. § 12183(a)(1) -- Defendants constructed mall-based retail stores with two unnecessary and essentially decorative steps at the front entrances. The sole purpose of these steps is to place the customer on a slightly elevated platform, from which the customer must then descend two steps into the store. This construction choice makes the main entrances inaccessible to individuals who use wheelchairs and forces them to use separate side entrances, thus violating the regulation that accessible entrances, where feasible, be those used by the majority of the public.

Congress recognized, in passing the ADA, that "historically, society has tended to isolate and segregate individuals with disabilities," 42 U.S.C. § 12101(a)(2), and stated that "[p]roviding services in the most integrated setting is a fundamental principle of the ADA." H.R. Rep. 101-485, pt. 2, at 102 (1990), *reprinted in* 1990 U.S.C.C.A.N. 303, 385. Defendants' newly-constructed decorative steps and segregated side entrances are a gross violation of the letter and purpose of the ADA.

## Movant's Statement of Material Facts

1. Defendants own, lease and/or operate the Hollister retail stores at the Park Meadows and Orchard Town Center malls in suburban Denver. (These stores will be referred to herein as the "Park Meadows Hollister" and the "Orchard Town Center Hollister," respectively.) *See* Defs.' Responses to Pls.' First Set of Interrogs., Reqs. for Production, and Reqs. for Admis. ("Defs.' First Responses," Decl. of Amy F. Robertson ("Robertson Decl."), Ex. 1) at 4-5.

2. The Orchard Town Center Hollister was built in or about 2007. Decl. of Megan Streckewald ("Streckewald Decl."), Ex. 14.

3. The Park Meadows Hollister was built in or about 2002. *Id.,* Exs. 12-13.[1]

---

[1] *See also* Defs.' First Responses at 4-5 (Park Meadows and Orchard Town Center Hollisters acquired or leased after January 26, 1993); Defs.' Responses to Pls.' Second Set of Interrogs., Reqs. for Production, and Reqs. for Admis. (Robertson Decl. Ex. 2) at 7 ("all entrances at Hollister stores in Colorado . . . were designed and constructed after January 26, 1993," and "there were no Hollister stores in Colorado . . . prior to the year 2000.")

4.      Both the Park Meadows Hollister and the Orchard Town Center Hollister have two steps at their front entrances. *Id.*, Exs. 1-5, 7-10. These steps ascend to a porch-like platform, which is at a higher level than the store. *Id.* ¶ 8.

5.      Although both the Park Meadows Hollister and the Orchard Town Center Hollister have level entrances, in each case, the level entrances are to the side of the main entrance. *Id.,* ¶ Exs. 1-5, 7-10.[2]

6.      The design of the inaccessible front entrance and the side entrances demonstrates that the former is intended to be -- and is -- the main entrance used by the majority of people entering each Hollister store. *See id.*

7.      Photographs make clear the visual and practical differences between the inaccessible main entrance -- primary, visually central, invitingly decorated -- and the side entrances -- secondary, visually inferior, virtually hidden:

---

[2]     Plaintiffs will assume for purposes of this motion that the side entrances are accessible. In fact, Plaintiffs allege that the side entrances are often inaccessible. *See, e.g.*, Third Amd. and Class Action Cmplt. (ECF No. 73) ¶¶ 67, 128, 161.



8.      In the photograph above of the Park Meadows Hollister, the (ostensibly accessible) side entrances are on either side of the main entrance.  Streckewald Decl. ¶ 7.

9.      In both stores, after stepping up the inaccessible steps at the front entrance and entering the store, a customer then steps back down several steps to the sales floor.  Streckewald Decl. ¶¶ 8-9.

10. Both the Park Meadows Hollister and the Orchard Town Center Hollister are in malls, and in each case, all of the stores adjacent to the Hollister stores have level entries. Streckewald Decl., ¶¶ 3-4, Exs. 6, 11.

11. The foregoing paragraphs demonstrate that the steps at the Park Meadows Hollister and the Orchard Town Center Hollister are not required to address any pre-existing change in level. *Supra* ¶¶ 9-10.

12. Defendants concede that the steps at the front entrance are decorative. They "designed porch-like structures at some Hollister stores in order to give those stores the aesthetic appearance of a Southern California surf shack." Defs.' First Responses at 8.

13. Because the steps are decorative and not required to address a pre-existing change in level, it was feasible to construct the Park Meadows Hollister and the Orchard Town Center Hollister with an accessible front entrance. *Supra* ¶¶ 9-12.

## Procedural Posture

Plaintiffs filed this case on November 24, 2009, alleging a nationwide class action under Title III of the ADA. Defendants have moved to dismiss for lack of standing, but their argument addresses the ability of the named plaintiffs to obtain a nationwide injunction. *See generally* Defs.' Mem. in Support of Renewed Mot. to Dismiss for Lack of Standing (ECF No. 76-1). Defendants' pending motion does not challenge the standing of the individual named plaintiffs to obtain relief as to the stores they patronized, which include the Park Meadows Hollister and the

Orchard Town Center Hollister.[3] *See* Third Amd. Cmplt. ¶¶ 62-108, 111-13, 117-37, 140-53, 156-67, 170-93. Additionally, while this Court stayed discovery pending the resolution of the motion to dismiss (ECF No. 66), the present motion does not require discovery but rather may be resolved on undisputed facts.

## ARGUMENT

**I.    Standard of Review**

Plaintiffs move for partial summary judgment on the question whether the entrances to the Park Meadows Hollister and the Orchard Town Center Hollister violate Title III of the ADA. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, Plaintiffs' motion is based on undisputed facts: (1) the fact that both stores at issue in the motion were designed and constructed after January 26, 1993; (2) the fact that both stores have two steps at their main entrances; and (3) the fact that it was feasible to construct both stores without steps at their main entrances. Plaintiffs are entitled to judgment as a matter of law based on the application of Title III and its implementing regulations to those undisputed facts.

The ADA is "a comprehensive piece of civil rights legislation which promises a new future: a future of inclusion and integration, and the end of exclusion and segregation." H.R.

---

[3] In their reply brief, Defendants make clear that they are only challenging the individual plaintiffs' ability to obtain a nationwide injunction. Defs.' Reply Mem. in Support of Renewed Mot. to Dismiss for Lack of Standing (ECF No. 82) at 7.

Rep. 101-485, pt. 3, at 26 (1990), *reprinted in* 1990 U.S.C.C.A.N. 445, 449.  In reviewing antidiscrimination laws such as the ADA, the Tenth Circuit has held that a court "'must be mindful of their remedial purposes, and liberally interpret their provisions to that end.'" *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 983 (10th Cir. 2002) (quoting *Wheeler v. Hurdman*, 825 F.2d 257, 262 (10th Cir. 1987)).

## II.     The Inaccessible Main Entrances Violate Title III of the ADA.

Title III of the ADA prohibits discrimination on the basis of disability in "the full and equal enjoyment" of places of public accommodation such as Hollister retail stores.  42 U.S.C. §§ 12182(a) ("full and equal enjoyment"); 12181(7)(E) (clothing stores are places of public accommodation).  The ADA was signed into law on July 26, 1990.  104 Stat. 327.  Providing a two and a half year grace period, it requires that facilities designed and constructed for first occupancy after January 26, 1993 be "readily accessible to and usable by individuals with disabilities."[4]  42 U.S.C. § 12183(a)(1).  Such new construction is required to comply with the Department of Justice Standards for Accessible Design ("DOJ Standards"),[5] 28 C.F.R. pt 36, app.

---

[4]     The only exception is "where an entity can demonstrate that it is structurally impracticable" to comply.  42 U.S.C. § 12183(a)(1).  However, "[f]ull compliance will be considered structurally impracticable only in those rare circumstances when the unique characteristics of terrain prevent the incorporation of accessibility features."  28 C.F.R. § 36.401(c)(1).  This exception would not apply to the mall-based stores at issue here.

[5]     The DOJ Standards are also available online at http://www.ada.gov/adastd94.pdf. The Standards have recently been revised; it is the original 1991 Standards that apply to the stores at issue here.  28 C.F.R. § 36.406(a)(1) (1991 Standards apply to buildings constructed before September 15, 2010).  The 2010 Standards, while not structured the same as the older standards, are "intended to achieve the same result as the 1991 Standards" with respect to

(continued...)

A (1994). *See* 28 C.F.R. § 36.406(a)(1) (requiring compliance with the DOJ Standards). Both stores were designed and constructed after January 26, 1993 and thus are required to comply with the DOJ Standards.

The DOJ Standards require that "an accessible entrance must be provided to each tenancy in a facility (for example, individual stores in strip shopping center)," *id.* § 4.1.3(8)(a)(iii), and -- more importantly -- that "[w]here feasible, accessible entrances shall be the entrances used by the majority of people visiting or working in the building," *id.* § 4.1.3(8)(a). It was feasible to construct both the Orchard Town Center Hollister and the Park Meadows Hollister so that the front entrance -- the one used by and intended to be used by the majority of the people -- was accessible. As such, Defendants were required to ensure that the main entrances to the two Hollister stores at issue in this motion were accessible. The current, inaccessible, main entrances are in violation of the DOJ Standards.

### III. Segregated Side Entrances Are Contrary to the Purpose and Intent of the ADA.

In addition to requiring "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," 42 U.S.C. § 12182(a), Title III requires public accommodations to provide "[g]oods, services, facilities, privileges, advantages, and accommodations . . . *in the most integrated setting appropriate. . .* ," *id.* § 12182(b)(1)(B) (emphasis added), and prohibits places of public accommodation from providing people with disabilities with "a good, service, facility, privilege, advantage, or

---

[5](...continued)
entrances. 75 Fed. Reg. 56,236, 56,320 (Sept. 15, 2010).

accommodation that *is different or separate from* that provided to other individuals," unless it is necessary to do so, *id.* § 12182(b)(1)(A)(iii) (emphasis added). "Providing services in the most integrated setting is a fundamental principle of the ADA." H.R. Rep. 101-485, pt. 2, at 102 (1990), *reprinted in* 1990 U.S.C.C.A.N. 303, 385.

The ADA was enacted at least in part because "historically, society has tended to isolate and segregate individuals with disabilities." 42 U.S.C. § 12101(a)(2). As Congress recognized with respect to Title II of the ADA, which prohibits discrimination in public services: "'the goal [is to] eradicat[e] the "invisibility of the handicapped".' Separate-but-equal services do not accomplish this central goal and should be rejected." H.R. Rep. 101-485, pt. 3, at 50 (1990), *reprinted in* 1990 U.S.C.C.A.N. 445, 473 (internal quotations omitted).

As a result of this history and intent, integration is central to the language of Title III, the statute that the DOJ Standards are intended to implement. "[I]mplementing regulations 'must be interpreted so as to harmonize with and further and not to conflict with the objective of the statute [they] implement[ ].'" *Koch Indus., Inc. v. U.S.*, 603 F.3d 816, 821 (10th Cir. 2010) (quoting *Joy Techs., Inc. v. Sec'y of Labor*, 99 F.3d 991, 996 (10th Cir.1996)). The Tenth Circuit "'will not interpret an agency regulation to thwart a statutory mandate.'" *Emery Mining Corp. v. Sec'y of Labor*, 744 F.2d 1411, 1415 (10th Cir. 1984) (citation omitted). The DOJ Standards make clear that Defendants' inaccessible main entrances and segregated side entrances violate the ADA and thus effectuate the Title III integration provision and its purpose.

The Hollister stores at issue in this motion were planned, designed, and built with "separate" and "different" entrances for individuals who use wheelchairs off to the side of the

main entrance.  Defendants took presumably level, accessible, pre-existing entrances and converted them to inaccessible entrances through the introduction of an unnecessary barrier.  The effect of Defendants' design is separation, difference, and lesser, unequal treatment of customers who use wheelchairs.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court grant partial summary judgment in favor of Plaintiffs and hold that the inaccessible front entrances at the Hollister stores at Park Meadows mall and Orchard Town Center mall violate Title III of the ADA.

Respectfully submitted,

 /s/ Amy F. Robertson
Amy F. Robertson
Fox & Robertson, P.C.
104 Broadway, Suite 400
Denver, CO 80203
Voice: (303) 595-9700
Facsimile: (303) 595-9705
E-mail: arob@foxrob.com

Kevin W. Williams
Carrie Ann Lucas
Colorado Cross-Disability Coalition
655 Broadway, Suite 775
Denver, CO 80203
Voice: (303) 839-1775
Facsimile: (303) 839-1782
E-mail: kwilliams@ccdconline.org
E-mail: clucas@ccdconline.org

Bill Lann Lee
Julia Campins
Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
476 – 9th Street
Oakland, CA 94607
Voice: (510) 839-6824
Fax: (510) 839-7839
E-mail: blee@lewisfeinberg.com
E-mail: jcampins@lewisfeinberg.com

Dated: March 16, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic service to the following:

Gregory A. Eurich
geurich@hollandhart.com

Thomas B. Ridgley
tbridgley@vorys.com

Mark A. Knueve
maknueve@vorys.com

        */s/ Caitlin R. Anderson*
        Paralegal