**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02757-WYD-KMT

COLORADO CROSS-DISABILITY COALITION, *et al.*

    Plaintiffs,

v.

ABERCROMBIE & FITCH CO., *et al.*,

    Defendants.

---

**THE UNITED STATES OF AMERICA'S STATEMENT OF INTEREST ON
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

The United States files this Statement of Interest, pursuant to 28 U.S.C. § 517, because this litigation implicates the proper interpretation and application of title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et. seq*., ("ADA), which the Attorney General has statutory authority to enforce. *See* 28 U.S.C. § 517; 42 U.S.C. §§ 12186-88.

This case raises the important question of the extent to which a place of public accommodation that is constructed after the effective date of the ADA must make its main entrance accessible under title III of the ADA and its implementing regulations. As the author of the implementing regulations in question, and the officer mandated to enforce the ADA, the Attorney General has a clear interest in ensuring their proper implementation and therefore submits this statement of interest to explain its interpretation of the proper application of Department of Justice regulations in this case.

In the pending motion for partial summary judgment ("Motion"), Plaintiffs allege that Defendant clothing stores violate title III of the ADA because the stores' main entrances are inaccessible to people who use wheelchairs. Defendants dispute which entrances should be considered the main entrances and, alternatively, allege that the ADA implementing regulation at issue is merely "aspirational." Defendants' arguments, however, are contrary to both the undisputed facts and the plain language of the ADA implementing regulations. Defendants have failed to meet the ADA requirements for new construction and have violated the ADA's prohibition against providing separate or different accommodations. Accordingly, for the reasons set forth in greater detail below, the United States respectfully submits that this Court should grant Plaintiffs' Motion for Partial Summary Judgment.

## SUMMARY OF FACTS

Defendant Hollister LLC owns and operates two retail clothing stores located in two separate shopping malls near Denver, Colorado. Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (hereinafter "Opp.") at p. 1, ¶ 1. The stores were built in 2002 and 2007, over ten years after the passage of the ADA in 1990. *Id*. at pp. 1-2, ¶¶ 2-3; *see* 42 U.S.C. § 12101. Both stores have three entrances on the front wall where the center entrance is "raised on a porch-like platform two steps above ground level" and the other two entrances – which both Plaintiffs and Defendants assume, for purposes of the Motion, are accessible per the ADA[1] – are located at ground level on either side of the raised center entrance. Motion at p. 3, fn. 2; Opp. at p. 2, ¶¶ 4-5. Defendants acknowledge that the raised platform design of the

---

[1] Plaintiffs note that they believe the side entrances are actually inaccessible. Motion at p. 3, fn. 2. Based upon the pictures in the Motion and accompanying declarations, the United States also believes that the side entrances are inaccessible.

2

center entrances is purely decorative.[2]  Opp. at p. 4, ¶ 12.  Moreover, they recognize that it would be physically possible to construct stores that do not have an entrance on a raised platform.  *Id*. at p. 4, ¶¶ 11, 13.

Plaintiffs allege that the center entrances are the main entrances to Defendants' stores.  Motion at p. 1.  Because the center entrances are raised two steps above ground level, Plaintiffs allege that they are "inaccessible to individuals who use wheelchairs" and, as a result, patrons in wheelchairs must "use separate side entrances" in violation of the ADA's implementing regulation "that accessible entrances, where feasible, be those used by a majority of the public."  *Id*. (referring to 28 C.F.R. Pt. 36, App. A, 4.1.3(8)(a)(iii)).  Defendants do not dispute that their stores' center raised entrances are inaccessible to people who use wheelchairs.  Rather, they allege that "the three doors at the front of each store constitute a single, accessible entrance that fully complies" with the ADA and, alternatively, that the regulation requiring that the accessible entrance be the same one used by a majority of the public, is merely "aspirational," and therefore, impliedly, not mandatory.  Opp. at pp. 5-6.

### STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To deny summary judgment, there must be "sufficient evidence favoring the nonmoving

---

[2] A photograph of one of the stores shows that the raised center entrance has a roof that extends out over the porch-like platform.  *See* Motion at p. 4, photograph.  It appears that there are large potted plants on the porch-like platform that extend as high as the roof, large pictures on the wall under the roof, and overhead lighting. *Id*.  In contrast, the entrances on either side of the raised entrance do not have a roof over them.  *Id*.  There are no plants, pictures, or dedicated lighting at them.  *Id*.

party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

## ARGUMENT

It is not in dispute that Defendants' stores were built after the ADA took effect, and yet the design and construction of the entrances to these two stores violates both the purpose and the letter of the ADA by unnecessarily relegating people who use wheelchairs to separate and objectively different entrances than those available for other people. Title III of the ADA broadly requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."[3] 42 U.S.C. § 12182(a). It specifically prohibits providing accommodations to people with disabilities that are "different or separate" than those provided to other people *except where necessary to match effectiveness of the accommodation provided to others*. 42 U.S.C. § 12182(b)(1)(A)(iii).[4]

Regarding new building construction after January 26, 1993, the ADA mandates that new facilities must be "readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12183(a)(1).[5] All structural elements required to be

---

[3] Defendants do not dispute that their stores are places of public accommodation and subject to title III of the ADA. *See* 42 U.S.C. § 12181(7)(E); Opp. at p. 4.

[4] "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii).

[5] The preamble to the 1991 ADA title III regulation provides, "[to be readily accessible to and usable by individuals with disabilities] means, with respect to a facility or a portion of a facility,

4

accessible must meet the requirements set out in the ADA's implementing regulations (hereinafter "ADA Standards")[6] "*except where an entity can demonstrate that it is structurally impracticable*" to do so.  *Id*. (emphasis added).  The regulatory language explains that this exception applies "only in those rare circumstances when the unique characteristics of terrain prevent the incorporation of accessibility features." 28 C.F.R. § 36.401(c)(1).

With respect to the entrances of newly constructed facilities, the ADA Standards require that:

> *Where feasible*, accessible entrances shall be the entrances used by the majority of the people visiting or working in the building.

28 C.F.R. Pt. 36, App. A, ("ADA Standard") 4.1.3(8)(a)(iii) (emphasis added).

Defendants do not allege that they meet any of the exceptions (in italics above) contained in the preceding provisions to excuse their stores' different and separate accessible entrances.  They do not allege that their different and separate accessible entrances are necessary to match the "effectiveness" of the inaccessible raised center entrance.  They do not allege that it is "structurally impracticable" for them to meet the ADA Standards.  Nor do they allege that it is infeasible for them to construct stores without raised entrances.  Instead, Defendants argue that the stores' combination of three front entrances should be considered one accessible entrance (Opp. at p. 6) and,

---

that it can be approached, entered, and exited, and used by persons with disabilities…easily and conveniently…To the extent that a particular type or element of a facility is not specifically addressed by the standards, the language of this section is the safest guide."  56  Fed. Reg. 144 at 35576 (July 26, 1991).

[6] Congress authorized the Department of Justice to promulgate regulations implementing the provisions of title III of the ADA regarding physical structures.  *See* 42 U.S.C. § 12186(b); 28 C.F.R. 36.406(a); 28 C.F.R. Pt. 36, App. A.  The regulations, titled "ADA Accessibility Guidelines for Buildings and Facilities," were revised in 2010 but the parties agree that the original regulations were those in effect at the time Defendants built the stores at issue and therefore are the operative regulations for this matter.  *See* 28 C.F.R. 36.406(a)(1).

alternatively, that the ADA implementing regulation at issue is merely "aspirational" (Opp. at p. 8). These arguments fail for two simple reasons.

*First*, the ADA Standard at issue is mandatory, not "aspirational" as Defendants allege. *See* Opp. at pp. 8-9. It requires that:

> Where feasible, accessible entrances shall be the entrances used by the majority of the people visiting or working in the building.

ADA Standard 4.1.3(8)(a)(iii).[7] The ADA Standards define "shall" as denoting "a mandatory specification or requirement." ADA Standard 3.4. Accordingly, a plain reading of the ADA Standard conveys that it is a mandatory requirement, albeit one conditioned upon feasibility. *Cf. United States v. Sprenger*, 625 F.3d 1305, 1307 (10th Cir. 2010) ("interpretation of a statute begins with its plain language"). Furthermore, the Department of Justice's interpretation of its own regulation is entitled to deference, especially where it is based upon a straightforward reading of the regulatory language, as it is here. *See Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 844 (U.S. 1984); *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (U.S. 1994) ("We must give substantial deference to an agency's interpretation of its own regulations."). Therefore, Defendants are required to make their main store entrances accessible unless it would not be feasible to do so. Defendants concede that it would be feasible, stating that it would be "physically possible to construct stores . . . that do not have an entry door on a raised platform."[8] Opp. at p. 4, ¶¶ 11, 13. In fact, it appears that Defendants

---

[7] It is not contradictory to require public accommodations to comply with both ADA Standards 4.1.3.8(a)(ii) ("At least fifty percent of all public entrances . . . must be accessible") and 4.1.3(8)(a)(iii). Read together, they require that at least 50% of the public entrances must be accessible and that the entrance used by the majority of people be included in this 50% unless that is not feasible.

[8] Although the term "feasible" is not defined, the phrase "maximum extent feasible" is defined:

6

deliberately constructed inaccessible entrances since "all of the other stores in the malls adjacent to the[] stores [at issue] have only level doors along the mall corridor. Opp. at pp. 5, ¶¶ 10-11.

*Second*, regardless of whether the three front entrances are together considered one entrance, as urged by the Defendants (Opp. at p. 6), the numerous differences between the accessible ground level entrances and inaccessible raised entrances remain unchanged.[9] As shown in the photograph in the Motion (p. 4), the ground level side entrances are qualitatively "different" from the raised center entrance.[10] The raised center entrance has a roof that extends out over the porch-like platform. *Id*. There are large plants on the raised platform, large pictures on the wall under the roof, and overhead lighting. *Id*. In contrast, the entrances on either side of the raised entrance do not have a roof over them. *Id*. There are no plants, pictures, or dedicated lighting at them either.[11] *Id*. Defendants' obvious *post hoc* rationalization for a design decision

---

> Any alteration to a place of public accommodation . . . shall be made so as to ensure that, *to the maximum extent feasible*, the altered portions . . . are readily accessible…
>
> \*   \*   \*
>
> The phrase "to the maximum extent feasible" . . . applies to the occasional case where the nature of an existing facility makes it virtually impossible to comply fully with applicable accessibility standards through planned alteration.

28 C.F.R. § 36.402 (emphasis added).

[9] Defendants are correct that the definition of "entrance" provides that one entrance may consist of more than one entry door (Opp. at p. 7) but their conclusion is incorrect. The definition reads in part that "[a]n entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s)." Even without analyzing the decorative differences between the center entrance and the side entrances, the different elevations of the "entrance platform" and "vestibule" of the middle raised entrance and the ground level side entrances, preclude their being considered together as one entrance under the definition.

[10] Defendants' raised porch-like entrances were designed in order to give the stores "the aesthetic appearance of a Southern California surf shack." Motion at p. 5, ¶ 12.

[11] Had Defendants incorporated the ground level side entrances into the overall design by extending the roof over the side entrances and decorating all three entrances similarly with

7

that violates the ADA should be rejected by this Court. Defendants are in violation of 42 U.S.C. § 12182(b)(1)(A)(iii) (prohibiting provision of accommodations to people with disabilities that are "different or separate" from those provided to people without disabilities), and they have failed to meet the ADA requirements for new construction.

## CONCLUSION

For the foregoing reasons, Defendants are in violation of title III of the ADA and the Court should grant Plaintiffs' Motion for Partial Summary Judgment.


Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

SAMUEL R. BAGENSTOS
Principal Deputy Assistant Attorney General

JOHN L. WODATCH
Deputy Assistant Attorney General

ALLISON NICHOL, Chief
RENEE M. WOHLENHAUS, Deputy Chief
KATHLEEN P. WOLFE, Acting Special Legal Counsel

---

plants, etc., their argument that all three entrances are one cohesive entrance might be more persuasive.

          /s/ Nabina J. Sinha
          NABINA J. SINHA, Trial Attorney
          Disability Rights Section
          Civil Rights Division
          U.S. Department of Justice
          950 Pennsylvania Avenue, N.W. - NYA
          Washington, D.C. 20530
          Telephone:   (202) 616-2730
          Facsimile:   (202) 305-9775
          nabina.sinha@usdoj.gov

Dated:  May 31, 2011

CERTIFICATE OF SERVICE

   I hereby certify that on May 31, 2011, a copy of foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

               /s/ Nabina J. Sinha_____
               NABINA J. SINHA
               Trial Attorney
               Disability Rights Section
               Civil Rights Division
               U.S. Department of Justice
               950 Pennsylvania Avenue, N.W. - NYA
               Washington, D.C. 20530
               Telephone:  (202) 616-2730
               Facsimile:  (202) 305-9775
               nabina.sinha@usdoj.gov

               Counsel for United States