IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02757–WYD–KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit Corporation,
ANITA HANSEN, and
JOSHUA STAPEN,

      Plaintiffs,

v.

ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES, INC, and
J.M. HOLLISTER LLC, d/b/a HOLLISTER CO.,

      Defendants.

---

## ORDER

    This matter is before the court on "Defendants' Motion to Compel Named Plaintiff Joshua Stapen's Deposition" [Doc. No. 126] filed November 9, 2011.  Plaintiff responded on November 17, 2011 [Doc. No. 130] (hereinafter "Resp."), and Defendants filed a Reply on November 21, 2011 [Doc. No. 131].

    On August 12, 2011, Defendants' counsel requested that Plaintiffs' counsel provide a list of potential dates on which Defendants could depose the named plaintiffs, including Plaintiff Joshua Stapen.  (Mot., Ex. A, hereinafter "Knueve Dec." at ¶ 5.)  On August 30, 2011, Defendants' counsel again attempted to schedule Plaintiffs' depositions.  (*Id.*)  On October 13, 2011, Defendants were notified that Plaintiff Stapen no longer wanted to be part of the case.  (*Id.* at ¶ 6.)  Plaintiffs' counsel advised that Plaintiffs would seek to dismiss Mr. Stapen and add a

new plaintiff in his place.  On October 21, 2011, the plaintiffs filed a motion for leave to file a

Fifth Amended Complaint, substituting Julie Farrar for Joshua Stapen.  [Doc. No. 123.]

Over the objection of Plaintiffs, Defendants eventually noticed Plaintiff Stapen for

deposition on November 10, 2011, a date which had been previously cleared by both counsel.

(Knueve Dec. at ¶ 9.)  Mr. Stapen refused to appear for deposition absent a court order.  (*Id.* at

¶ 11.)

Defendants argue that Plaintiff Stapen has been a plaintiff in this case since the filing of

the first Complaint [Doc. No. 1] on November 24, 2009, and that several dispositive motions

have been argued and resolved relying in part on the allegations of Mr. Stapen.  (Mot. at 2.)

They assert a right to depose Mr. Stapen given the involvement he has had in the case even

though he now wishes to withdraw as a plaintiff.  (*Id.*)  Plaintiffs argue that Mr. Stapen will not

be a plaintiff in the case in the future and that deposing him would be improper during the

certification issues part of the case.  (Resp. at 4.)

The procedures of Fed. R. Civ. P. 30 are applicable to the taking of depositions upon oral

examination under Fed. R. Civ. P. 27 before an action or pending appeal.  At the pre-class

certification stage, discovery in a putative class action is generally limited to certification issues:

e.g., the number of class members, the existence of common questions, the typicality of claims,

and the representative's ability to represent the class.  *Oppenheimer Fund, Inc. v. Sanders*, 437

U.S. 340, 359 (1978).  Courts addressing this narrow issue have generally held that discovery

from putative or absent class members may be allowed only in special circumstances when the

party seeking the depositions has shown necessity and absence of any motive to take undue

advantage of the class members. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)

Here, however, the standards governing discovery from putative class members are not necessarily applicable. Mr. Stapen is currently, and has been since the inception of the case, a named plaintiff and has not yet been dismissed nor has the court allowed the filing of any amended complaint eliminating him as a plaintiff. While Mr. Stapen's dismissal or removal as a plaintiff may be likely, it is not automatic. *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 628–629 (C.D. Cal. 2011). It is beyond dispute that Defendants are entitled to take the deposition of a party. *See* Fed. R. Civ. Proc. 30(a).

Furthermore, the Federal Rules of Civil Procedure clearly provide that parties may obtain discovery regarding matters relevant to the action. Fed. R. Civ. P. 26(b)(1). Plaintiffs concede that commonality is an issue that is relevant to Plaintiffs' class certification efforts. (Resp. at 4.) Plaintiffs oppose Defendants' motion to compel Mr. Stapen's deposition based exclusively upon the unsupported representation that Mr. Stapen's "claims are identical" to proposed named plaintiff Julie Farrar's. (Resp. at 2.) The Defendants claim that based even upon the limited information contained in the pleadings, the claims are not at all identical. The court finds that the Defendants are entitled to an opportunity to test Plaintiffs' representation that Farrar's allegations are in fact "identical" to Stapen's "in all material respects." The factual circumstances of class members' claims and experiences are highly relevant to the commonality inquiry.

3

Further, the court has ruled on two substantive motions in which Mr. Stapen's allegations were cited by the parties, and yet Defendants have not had the opportunity to question Mr. Stapen on his assertions made in this case for two years.  His testimony is highly likely to be relevant to class certification issues, including commonality and the typicality of the class representative's claims, even if he no longer wishes to be burdened with this litigation.  *Dysthe*, *id*.

Plaintiffs do not contest that Defendants attempted to set Mr. Stapen for deposition several months before Mr. Stapen stated his desire to be removed from the litigation.  Furthermore, as was true of Plaintiff Hall in the *Dysthe* case, Mr. Stapen has a unique status in the litigation which provides a sufficient ground to justify his deposition even if, at some later date, he will no longer be a named plaintiff.  Mr. Stapen has been a named plaintiff since the filing of the original Complaint, through several amendments of the Complaint, and during the litigation of several dispositive motions utilizing his allegations, and he only decided to withdraw from the litigation a few days before Plaintiffs filed their motion for class certification.

I find that Joshua Stapen's decision to withdraw from the litigation does not affect Defendants' entitlement to take his deposition.  At least until a decision is made on the Motion to file an amended complaint, he remains a named plaintiff.  Additionally, should the motion to file the fifth amended complaint be granted prior to the defendants' actually taking Mr. Stapen's deposition, there is still ample grounds to support requiring Mr. Stapen to sit for a deposition.  Prior to certification, a defendant may seek discovery from named plaintiffs on matters relevant to certification.  I further find there is no suggestion that the deposition will take undue

advantage of other putative class members or be unduly burdensome.  *See Sibley v. Sprint Nextel Corp.*, Case No. 08-2063-KHV, 2009 WL 3244696 (D. Kan. Oct. 6, 2009).

Wherefore, it is **ORDERED** that "Defendants' Motion to Compel Named Plaintiff Joshua Stapen's Deposition" [Doc. No. 126] is **GRANTED**.  Joshua Stapen will appear and have his deposition taken, upon service of proper and timely notice by the Defendants.  The deposition will be taken on or before December 13, 2011.

Dated this 22nd day of November, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge