IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02757-WYD-KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit corporation;
ANITA HANSEN; and
JULIE FARRAR,

      Plaintiffs, on behalf of themselves and all others similarly situated,

v.

ABERCROMBIE & FITCH CO.;
ABERCROMBIE & FITCH STORES, INC.; and
J.M HOLLISTER LLC, d/b/a HOLLISTER CO.,

      Defendants.

## ORDER

I.    BACKGROUND

THIS MATTER is before the Court on Plaintiffs' Motion for Class Certification filed October 31, 2011 [ECF No. 125].  A hearing took place on Monday, April 9, 2012. For the reasons set forth in this Order, and on record during the hearing, the motion will be **GRANTED**.

Plaintiffs Anita Hansen and Julie Farrar are wheelchair users and members of the Colorado Cross-Disability Coalition ("CCDC").  In their Fifth Amended and Class Action Complaint, filed December 8, 2011, Plaintiffs bring claims on behalf of themselves and all others similarly situated, for violation of Title III of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*[1] Plaintiffs allege that Defendants have discriminated against customers who use wheelchairs through their design and construction of elevated porch-like entrances at many of their Hollister Co. Stores throughout the United States. According to Plaintiffs, these "Elevated Entrances" are not accessible to individuals who use wheelchairs, and separate segregated entrances are not readily accessible and usable. They seek injunctive relief and reasonable attorneys' fees and costs.

In the instant motion, Plaintiffs seek to certify a class pursuant to Fed. R. Civ. P. 23 defined as:

> all people with disabilities who use wheelchairs for mobility who, during the two years prior to the filing of the Complaint in this case, were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any Hollister Co. Store in the United States on the basis of disability because of the presence of an Elevated Entrance.

As an initial matter, I note that this case is somewhat unique in that I have already ruled on two dispositive motions. On June 2, 2011, I entered an order denying Defendants' Motion to Dismiss for lack of subject matter jurisdiction, finding that the individual named Plaintiffs and Colorado-Cross Disability Coalition ("CCDC") had standing to bring a claim requesting nationwide injunctive relief based on Defendants'

---

[1] In prior iterations of their Complaint, Plaintiffs brought a claim under the Colorado Civil Rights Act (Colo. Rev. Stat. § 24-34-601 *et seq.*), as well as damages claims. However, their Fifth Amended Complaint asserts a single class-action claim for injunctive relief under Title III of the ADA based on the Elevated Entrances at Defendants' Hollister Co. stores.

alleged violations of the ADA. In addition, on August 31, 2011, I entered an order granting Plaintiffs' Motion for Partial Summary Judgment in which I found that the center front Elevated Entrances at the Hollister stores at Park Meadows mall and Orchard Town Center mall, both located in Colorado, violate title III of the ADA.

Plaintiffs now request certification of a nationwide class of Hollister customers who use wheelchairs, and injunctive relief in the form of an order requiring the removal of the Elevated Entrances that I previously found to violate the ADA.

Defendants argue that Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23 because differences between various Hollister stores defeat Plaintiffs' attempts to show numerosity, commonality, and typicality under Rule 23. Defendants further assert that nationwide injunctive relieve cannot be granted in a single order with respect to the class as a whole. In addition, they maintain that the proposed class representatives cannot adequately represent the class because they are subject to unique defenses. I find these arguments unpersuasive and grant the motion for certification as set forth below.

II.     ANALYSIS

Fed. R. Civ. P. 23(a) governs class certification. A district court has broad discretion in determining whether a suit should proceed as a class action. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied*, 460 U.S. 1069 (1983). In ruling on Plaintiffs' motion for class certification under Rule 23, my inquiry is limited to whether the requirements of Rule 23 have been satisfied, and the merits of the proposed class action claim may not be considered. *See Penn v. San Juan Hosp., Inc.*,

528 F.2d 1181, 1189 (10th Cir. 1975). In addition, I must take the substantive allegations of the complaint as true. *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999). And in deciding whether certification is appropriate, doubts should be resolved in favor of certification. *See Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1988) ("if there is error to be made, let it be in favor and not against the maintenance of a class action"), *cert. denied*, 394 U.S. 928 (1969)).

    A.    The Requirements of Rule 23(a):

A class may be certified only if all four of the following prerequisites are met:

(1) *Numerosity*: "the class is so numerous that joinder of all members is impracticable";

(2) *Commonality*: "there are questions of law or fact that are common to the class";

(3) *Typicality*: "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and

(4) *Adequacy of representation*: "the representative parties will fairly and adequately represent the interests of the class."

A party seeking to certify a class bears the "strict" burden of proving that the requirements of Rule 23 have been met. *Trevizo v. Adams,* 455 F.3d 1155, 1162 (10th Cir.2006). I am required to engage in a "rigorous analysis" into whether the requirements of Rule 23 are satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011); Gen*. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 161 (1982).

    1.    Numerosity

The burden is upon the plaintiff seeking to represent a class to establish that the class is so numerous as to make joinder impracticable. *Peterson v. Oklahoma City*

*Housing Authority*, 545 F.2d 1270, 1273 (10th Cir. 1976); *Trevizo*, 455 F.3d at 1162. There is "no set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens ex rel. State of Okla.*, 585 F.2d 432, 436 (10th Cir.1978). Because this is a fact-specific inquiry, the district court has wide discretion in making this determination. *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1498 (10th Cir.1992); *Trevizo*, 455 F.3d at 1162. A number of factors are relevant to this consideration including the class size, the geographic diversity of class members, the relative ease or difficulty in identifying members of the class for joinder, the financial resources of class members, and the ability of class members to institute individual lawsuits. *CCDC v. Taco Bell*, 184 F.R.D. 354, 358-59 (D. Colo. 1999) (certifying a class of claimants with disabilities who used wheelchairs or scooters and were discriminated against by restaurant's failure to comply with ADA Accessibility Guidelines).

Here, Plaintiffs argue that the numerosity requirement is met because Defendants have identified approximately 249 Hollister stores around the country that utilize Elevated Entrances. Plaintiffs further state that the proposed class is large and geographically diverse, although the exact number of potential members is not known. According to Plaintiffs, in cases where the proposed class consists of persons with disabilities impacted by architectural barriers, joinder of class members is impracticable. Defendants complain that Plaintiffs have presented no evidence of class size. Defendants assert that simply because there are 249 Hollister stores, there is no way to determine the number of persons using wheelchairs who live in the vicinity of a Hollister store with an Elevated Entrance who wish to shop at the store.

While Plaintiffs have not provided specific census data concerning the number of individuals nationwide utilizing wheelchairs who are likely to patronize Defendants' business, I find that in this case it is reasonable to infer that potential class is so numerous and geographically diverse as to make joinder impracticable. *See Taco Bell*, 184 F.R.D. at 358-59; *see also Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994) (in cases where the proposed class consists of persons with disabilities impacted by a common architectural barriers, joinder of class members is impracticable). In addition, individuals affected by the access violation would be difficult to identify and unlikely to bring individuals suits. I find that Plaintiffs have met their burden with respect to the numerosity requirement.

    2.    <u>Commonality</u>

Commonality for purposes of Rule 23(a) requires only a single issue common to the class. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999). Further, "'[t]hat the claims of individual class members may differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy.'" *Id.* (quotations omitted). The commonality requirement "is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation." *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir.1999).

Here, there are common questions of law and fact. Defendants have identified 249 Hollister stores constructed with an Elevated Entrances, and that all of the class members will all be subject to the same ADA analysis with respect that architectural barrier. Plaintiffs note that "[w]here a class of persons sharing a common disability

complains of the identical architectural barrier based on the same alleged violations of law, commonality is unquestionably established." *Taco Bell*, 184 F.R.D. at 359.

Defendants assert that the commonality requirement is not met here because not all of the Elevated Entrances are "identical." According to Defendants, some of the Elevated Entrances have different "decorations" and lighting, affecting the visibility of the automatic door buttons to open the alternate side doors. Defendants maintain that in my Order of August 31, 2011, in which I found that the Elevated Entrances at the Hollister stores at Park Meadows mall and Orchard Town Center mall violate Title III of the ADA, I considered several "non-uniform" factors including whether merchandise was displayed for sale on the elevated porch, whether shutters at the side entrances were opened or closed, and whether buttons used to activate the alternate side entrances were visible. Thus, Defendants contend that a finding of an ADA violation at one store with an Elevated Entrance would not necessarily lead to a finding that an ADA violation exists at all other stores.

I disagree with Defendants' characterization of my prior Order. In my August 11, 2011, Order, I noted that the decorations on the elevated front-porch entrances to the stores at issue made the existence of alternate side doors and automatic door buttons less obvious. However, the thrust of Defendants' ADA violation is that the main Elevated Entrances violate the ADA's prohibition on different or separate accommodations and its requirement of integration. As I stated in my Order, "[c]learly the side doors do not 'permit the same pattern of use as the raised entry door and equal access to all merchandise.'" While there may be some non-material differences in the

porch displays at various store locations, it appears beyond dispute that the Elevated Entrances are constructed pursuant to a common architectural design. Therefore, this case is clearly distinguishable from *Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 568-69 (N.D. Cal. 2009), a case relied upon by Defendants, because that case involved different restaurant franchises that were constructed using different blueprints and constructions plans, and different architectural and engineering services. Here, Defendants have not shown any material differences in the Elevated Entrances at the 249 stores they identified. I find that differences in the front merchandise display at various stores does not preclude commonality in this case, and that Plaintiffs have satisfied the commonality requirement of Rule 23(a). Here, there are both common questions of law and of fact.

        3.     <u>Typicality</u>

"Typicality insures that the class representative's claims resemble the class's claims to an extent that adequate representation can be expected." *In Re Intelcom Group, Inc. v. Securities Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996). "The rationale behind the requirement that the class representative's claims be typical of the class claims is recognition that a plaintiff with claims typical of the class will, in pursuing and defending his own self interest in the litigation, be concomitantly advancing or defending the interests of the class." *Dubin v. Miller*, 132 F.R.D. 269, 274 (D. Colo. 1990) (citing 1 H. Newberg, Newberg on Class Actions § 3.22, at 199 (2d ed. 1985)).

Plaintiffs assert that the typicality requirement is met in this case because the named Plaintiffs are individuals with disabilities who use wheelchairs, who attempted to

-8-

patronize Defendants' Hollister stores that featured Elevated Entrances and who, because of these entrances, were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of those Hollister stores.

Again, Defendants contend that slight variations in the merchandise displays at various Hollister stores preclude a finding of typicality. I disagree with this assertion for the reasons stated above. In addition, Defendants also contend that the two individually named Plaintiffs are atypical of the class because they are "testers." I find this argument an attempt by Defendants to re-litigate Plaintiffs' standing. All of the cases cited by Defendants involve "tester" plaintiffs who were found not to have standing to bring suits for injunctive relief under Title III of the ADA because they were unlikely to return and patronize the accommodation in question. *See Nat. Alliance for Accessibility, Inc. v. Waffle House, Inc.*, 2011 WL 2580679 (E.D.N.C. June, 29, 2011); *Harris v. Stonecrest core Automotive Center*, 472 F.Supp.2d 1208, 1219 (S.D. Cal. 2007). As noted above, I have already ruled that the individual Plaintiffs in this case have standing to bring claims for nationwide injunctive relief. Defendants nevertheless argue that one of the named Plaintiffs, Julie Farrar, was not a Plaintiff when I decided the standing issue, and that the deposition testimony of both named Plaintiffs conflicts with assertions they made in their declarations concerning their intent to shop at Defendants' Hollister stores if Defendants make those stores accessible.

First, I reject Defendants' assertion that the named Plaintiffs here are merely "testers." Plaintiff Julie Farrar testified in her deposition that she first encountered the inaccessible entrance at a Hollister store in the summer of 2011, prior to learning about

the instant case and prior to agreeing to become a named Plaintiff. She testified that her daughter likes to shop at Hollister and loves wearing their clothing, and that but for the Elevated Entrances, she would shop at Hollister with her daughter. Moreover, even if the Plaintiffs were appropriately classified as "testers," this would not necessarily defeat their individual standing. I note that in *Tandy v. City of Wichita*, 380 F.3d 1277, 1287 (10 Cir. 2004), the Tenth Circuit found that "testers" had standing to sue for relief under Title II of the ADA. While Defendants have not formally asked me to reconsider my ruling on standing, I nevertheless affirm that prior ruling and find and conclude that both named Plaintiffs have shown that they have suffered a real and concrete injury-in-fact. The named Plaintiffs have suffered and will suffer in the future if the Elevated Entrances are not removed. *See Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship*, 1997 WL 33471623 (D. Colo., Aug. 5, 1997) (unreported) (finding that wheelchair bound plaintiff, while arguable a tester, had standing to challenge architectural barriers that precluded him from accessing the public accommodation at issue).

Moreover, I note that Defendants have not cited any case, nor am I aware of any case, where a plaintiff's status as a tester precluded a finding of typicality in the context of a motion for class certification. Here, I find that the claims of the named Plaintiffs are clearly typical of the class. *See Taco Bell*, 184 F.R.D. at 360-61 (typicality requirement satisfied where representative plaintiffs suffered from similar disability and contested the same architectural barrier under the same statutes as the class); *see also Arnold*, 158 F.R.D. at 450 ("in a public accommodations suit . . . where disabled persons challenge

the legal permissibility of architectural design features, the interests, injuries, and claims of the class members are, in truth, identical such that any class member could satisfy the typicality requirement for class representation.").

### 4. Adequacy of representation

The final requirement of Rule 23(a) is adequate representation. Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class." The Tenth Circuit has held that adequacy of representation depends on resolution of two questions. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). These questions are: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Id.* at 1187-88 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

Here, the named Plaintiffs, like the members of the proposed class, seek remedies for the Elevated Entrances that pose barriers to their full and equal enjoyment of the 249 Hollister stores at issue. In addition, Plaintiffs contend, and I agree, that there are no unique facts or defenses relevant to the named Plaintiffs' claims that would put them in conflict with the proposed class.

Defendants assert that the CCDC cannot be a part of the class because it is not a person. While this might be the case, I need not decide this issue because it is irrelevant to my determination that the matter should be certified as a class action. In addition, Defendants contend that individual Plaintiff Anita Hansen and Plaintiff Julie Farrar are not a proper class representatives because (1) they lack standing to seek

-11-

injunctive relief, (2) they have "credibility" problems and (3) they are "testers." As discussed above, I have already found that Plaintiffs have standing to seek nationwide injunctive relief. In addition, I find Defendants' attack on the named Plaintiffs credibility to be unsupported. Most significantly, Defendants have not demonstrated the existence of any conflicts of interest between the named Plaintiffs and other class members. There is no evidence that the named Plaintiffs and their counsel will not prosecute this action vigorously on behalf of the class.[2]

I find that the named Plaintiffs are members of the class they seek to represent and their interests are not in conflict with those of the class. I find that the named plaintiff can fairly and adequately protect the interests of the absent class members.

B. Whether the Class Satisfies the Requirements of Rule 23(b)(2)

Having determined that the Rule 23(a) requirements are met, I must also decide whether the action falls within one of the three categories set forth in Rule 23(b). *Trevizo v. Adams*, 455 F.3d 1155, 1166-62 (10th Cir.2006); *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir.2004).

This case clearly falls within the paradigm for class certification under Fed. R. Civ. P. 23(b)(2) because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, all class members have suffered the same injury and that their Fifth

---

[2] Here, the parties do not dispute the adequacy of Plaintiffs' counsel under Rule 23(g).

Amended Complaint seeks an injunction that would remedy all class members' injuries and satisfy Rule 65(d).

The Tenth Circuit has held that Rule 23(b)(2) imposes two independent, but related requirements on those seeking class certification. *DG ex rel. Stricklin v. Devaughn,* 594 F.3d 1188, 1199 (10th Cir. 2010)(internal citations and quotations omitted). In *Stricklin,* the Tenth Circuit held: "First, plaintiffs must demonstrate defendants' actions or inactions are based on grounds generally applicable to all class members. Second, plaintiffs must also establish the injunctive relief they have requested is appropriate for the class as a whole." *Stricklin,* 594 F.3d at 1199 (internal citations and quotations omitted).

It cannot be seriously disputed that a proposed class action such as this, in which all members of the class complain of an identical architectural barrier, necessarily involves acts that are generally applicable to the class. *Taco Bell*, 184 F.R.D. at 361; *Arnold*, 158 F.R.D. at 452. In addition, as Plaintiffs note, the Advisory Committee Notes to the 1966 amendment to rule 23 demonstrate that subdivision (b)(2) was intended to reach precisely the type of class proposed here: "Illustrative are various actions in the civil-rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration." Therefore, I find that the proposed class action is properly certified under Rule 23(b)(2).

III.   CONCLUSION

For the reasons set forth herein, Defendants' various objections to certification are denied, and Plaintiffs' Motion for Class Certification filed October 31, 2011 [ECF No.

125] is **GRANTED**.  Plaintiffs Anita Hansen and Julie Farrar are hereby certified as representatives of a nationwide class of individuals seeking injunctive relief, as defined on page 2 of the Order.

Dated:  April 20, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge