IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-02757-WYD-KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit corporation;
ANITA HANSEN;
ROBERT SIPOWITZ;
JOSHUA STAPEN; and
ROBIN STEPHENS,

      Plaintiffs,

v.

ABERCROMBIE & FITCH CO.;
ABERCROMBIE & FITCH STORES, INC.; and
J.M HOLLISTER LLC, d/b/a HOLLISTER CO.,

      Defendants.

## FINAL JUDGMENT

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Permanent Injunction and Administrative Closure of Case, filed on August 20, 2013, by the Honorable Wiley Y. Daniel, Senior United States District Judge, and incorporated herein by reference as if fully set forth, it is

ORDERED that judgment is hereby entered in favor of Plaintiffs, Colorado Cross-Disability Coalition, a Colorado non-profit corporation; Anita Hansen; Robert Sipowitz; Joshua Stapen; and Robin Stephens, and against Defendants, Abercrombie & Fitch Co.; Abercrombie & Fitch Stores, Inc.; and J.M Hollister LLC, d/b/a Hollister Co., on Plaintiffs' Motion for Summary Judgement as follows:

Plaintiffs' operative Fifth Amended and Class Action Complaint asserts a single

class-action claim for injunctive relief under Title III of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12181 et seq.  For the reasons set forth in that Order and pursuant to 42 U.S.C. § 12188(a)(2) and Fed. R. Civ. P. 65(d), this Court enjoins Defendants as follows:

I. REASONS FOR ISSUANCE OF PERMANENT INJUNCTION:

    A. Defendants own and operate Hollister stores throughout the United States.

    B. Hollister stores are "public accommodations" as that term is used in Title III of the Americans with Disabilities Act. 42 U.S.C. § 12181(7)(E).

    C. All Hollister stores were built after January 26, 1993.

    D. Many Hollister stores in the United States have raised porches with steps at their center front entrances ("Elevated Entrances").

    E. The Elevated Entrances violate Title III of the ADA, 42 U.S.C. §§ 12182(a) & 12183(a)(1).

    F. Plaintiffs Anita Hansen and Julie Farrar are individuals with disabilities who use wheelchairs who have shown that they have suffered a real and concrete injury-in-fact and have suffered and will suffer such injury in the future if the Elevated Entrances are not removed.

    G. Plaintiffs Hansen and Farrar are representatives of the following class certified by this Court:

> all people with disabilities who use wheelchairs for mobility who, during the two years prior to the filing of the Complaint in this case, were denied the full and

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any Hollister Co. Store in the United States on the basis of disability because of the presence of an Elevated Entrance.

ECF No. 161 at 2.

H. In light of the fact that this Court has held that the Elevated Entrances are in violation of section 12183(a)(1) of Title III of the ADA, section 12188(a)(2) mandates an injunction remedying these violations. An injunction is necessary to ensure that public entrances to Hollister stores are readily accessible to and usable by Plaintiffs and class members, § 12183(a)(1), and to ensure Plaintiffs and the class members have "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" provided at Hollister stores, § 12182(a).

II. TERMS OF INJUNCTION

A. "Readily accessible to and usable by" means in compliance with "standards set forth or incorporated by reference in regulations issued under" Title III of the ADA. 42 U.S.C. § 12183(a)(1), including the 2010 Standards as defined in 28 C.F.R. § 36.104.

B. Defendants shall ensure that all Elevated Entrances used by the public are readily accessible to and usable by individuals who use wheelchairs in compliance with Title III of the ADA and its implementing regulations on or before January 1, 2017, and that individuals in wheelchairs are not required to use a separate entrance.

C. Defendants shall ensure, at Hollister Stores that are designed or

constructed now or in the future, that 60% of the public entrances, including but not limited to the entrance used by the majority of the people entering the Hollister Store and any public entrance used for any purpose in addition to entry and egress, shall be accessible to persons who use wheelchairs or scooters.

III. DETAILED ACTS REQUIRED

    A. Defendants shall ensure that 60% of the public entrances to any Hollister Store, including but not limited to the entrance used by the majority of the people entering the Hollister Store and any public entrance and used for any purpose in addition to entry and egress, fully complies with the ADA. Specifically, Defendants shall ensure that any such point of entry or egress that presently contains an Elevated Entrance will be

        1. modified to be level with the surrounding floor space;

        2. modified to be ramped in compliance with Section 405 of the 2010 Standards; or

        3. closed off from any public access.

Should Defendants elect the last option, they will ensure that the area served by the Elevated Entrances is not used for customer entry or egress, and all customers will instead use the existing level side entrances.

    B. Defendants shall bring Hollister stores with Elevated Entrances into compliance with Paragraph III.A at the rate of not less than 77 stores per year. The start date of this Injunction shall be January 1, 2014 and the deadline for full

compliance shall be January 1, 2017, except that Defendants not later than December 1, 2015, may request an end date extension for good cause shown not to exceed six months.  Prior to any such request for extension, Defendants shall meet and confer with Plaintiffs.

C. Hollister stores designed and constructed on or after the entry of this Injunction shall comply with Paragraphs II and III hereof.

D. Every six months starting on January 1, 2014, Defendants shall file a report with the Court identifying the Hollister stores with Elevated Entrances that it has brought into compliance during the previous six months. Such report shall include photographs of each store identified in the report sufficient to demonstrate compliance with this Injunction.

IV. Finally, it is ordered that this case shall be administratively closed and may be reopened upon request of either party for good cause shown pursuant to D.C.COLO.LCivR 41.2.

IT IS FURTHER ORDERED that Plaintiffs shall have their costs by the filing of a Bill of Costs with the Clerk of this Court, in accordance with the procedures set forth in Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, within fourteen (14) days of entry of judgment.

-6-

DATED at Denver, Colorado this 5th day of September, 2013.

                                      FOR THE COURT:
                                      JEFFREY P. COLWELL, CLERK

                                      s/ Edward P. Butler
                                      Edward P. Butler, Deputy Clerk

APPROVED AS TO FORM:


/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE