IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02757-WYD-KMT

COLORADO CROSS-DISABILITY COALITION, a Colorado non-profit corporation;
ANITA HANSEN; and
JULIE FARRAR, individually and as class representatives,

    Plaintiffs,

v.

ABERCROMBIE & FITCH CO.;
ABERCROMBIE & FITCH STORES, INC.; and
J.M HOLLISTER LLC, d/b/a HOLLISTER CO.,

    Defendants.

## ORDER

I.    <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER comes before the Court on the Defendants' Motion to Stay Injunctive Relief Pending Appeal (ECF No. 217).

By way of background, I granted summary judgment to Plaintiffs finding that 231 Hollister clothing stores located throughout the United States violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. 12181, *et seq.*[1]  On August 20, 2013, I entered a permanent injunction requiring Defendants to remove, ramp, or close off all of the elevated entry doors by January 1, 2017, at a rate of at least 77 stores each year beginning on January 1, 2014.  (ECF No. 211).  On September 9, 2013, Defendants

---

[1] In numerous prior written orders, I set forth detailed recitations of the facts of this case along with my reasoning and findings.  Those orders are incorporated by reference herein.

filed a notice of appeal.

In the pending motion, Defendants request that I stay the permanent injunction until Defendants' appeal to the Tenth Circuit Court of Appeals is adjudicated pursuant to Fed. R. Civ. P. 62(c). While Plaintiffs agree to stay portions of the permanent injunction, they do not agree to extend the final deadline of January 1, 2017 for completing reconstruction of all store entrances. For reasons stated below, I find that a stay is not warranted, and thus, the motion is denied.

II. DISCUSSION

Under Fed. R. Civ. P. 62(c), I may "suspend, modify, restore, or grant an injunction on terms . . . that secure the opposing party's rights" while an appeal is pending from a final judgment that grants an injunction.[2] The purpose of a stay is to preserve the status quo pending appellate determination. *McClendon v. City of Albuquerque*, 79 F .3d 1014, 1020 (10th Cir.1996); *see Thunder Mountain Custom Cycles, Inc. v. Thiessen Products, Inc.*, 2008 WL 5412469, 4 (D. Colo. 2008). The decision to grant a stay must not be entered into lightly. *See Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1757 (2009) (noting a stay is an intrusion into the ordinary processes of administration and judicial review).

When considering a stay pending appeal, I am guided by a four-part test similar to that governing preliminary injunctions. *See Nken*, 556 U.S. 418, 129 S.Ct. at 1761. I must address the following factors: (1) the likelihood of success on appeal; (2) the threat

---

[2] Here, the parties agree that the judgment appealed from does not involve a money judgment and is properly characterized as injunctive, making this subsection applicable.

of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003); *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001). Where the moving party has established that the three "harm" factors tip decidedly in its favor, the "probability of success" requirement is somewhat relaxed, and is satisfied by showing questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *Mainstream Marketing Serv., Inc.*, 345 F.3d at 852–53. Thus, I first address the three harm factors.

    A.    <u>Irreparable Injury</u>

Defendants allege that they will suffer irreparable harm in the absence of a stay because the permanent injunction requires them to reconstruct entrances at 231 Hollister stores around the country at an estimated total cost of $8 million to $9 million. Defendants further assert that under the terms of the injunction, this construction work cannot be delayed. The injunction requires that Defendants remodel the entrances of all 231 stores by January 1, 2017, at a rate of at least 77 stores each year beginning on January 1, 2014. Defendants also note that regular business activities will be affected while entrances are "torn out and reconstructed, resulting in lost sales and customer goodwill." (Mot. at 5). I disagree. The injunction only requires that 77 store entrances be remodeled each year. Moreover, I accommodated Defendants' request that the injunction not commence until after the 2013 holiday retail season. Thus, Defendants may remodel stores at their discretion during less busy months of the year, minimizing

the impact on customers.

Additionally, while I recognize that the injunction requires Defendants to incur construction costs, I do not find that this would cause irreparable injury.  In a hearing held on August 16, 2013, before finalizing the injunction, I raised the issue of the injunction's economic impact on the Defendants.  (Hr'g Tr. 24-31, Aug. 16, 2013).  While the Defendants refused to answer my direct questions regarding their annual revenues, Plaintiffs introduced Abercrombie & Fitch, Inc.'s 10k filing, which is the parent company that operates the Hollister brand.  (Tr. 27-29).  Based on the 10k filing, in 2012, Abercrombie & Fitch, Inc. had a net income of $237 million dollars.  (Tr. 29-30).  Thus, I find the cost of complying with the injunction (approximately $2-3 million per year) to be relatively minor in relation to Defendants' net income of $237 million last year.  Thus, I find that the first factor only slightly favors Defendants, if at all.

### B.    Lack of Substantial Harm to Other Parties

Defendants contend that Plaintiffs would not sustain a substantial injury if the injunction is stayed pending appeal.  Plaintiffs disagree, arguing that they will continue to suffer from the "dignity harm" caused by ADA violations at Hollister stores.  I agree with Plaintiffs.  While the harm to Defendants is primarily economic should I deny the motion to stay, Plaintiffs will continue suffering the indignity of being unable to use the raised porch entrances of 231 Hollister clothing stores located throughout the United States should I grant the motion.  Accordingly, I find that this element strongly favors Plaintiffs.

      C.    <u>Public Interest</u>

Defendants assert that the public has both an interest in the proper enforcement of ADA requirements and in the avoiding of unnecessary waste of economic resources. On the other hand, Plaintiffs argue that the "worst result of the denial of a stay is that Defendants are required to ensure even better access for individuals who use wheelchairs than what the Tenth Circuit determines that the ADA requires." (Resp. at 7). I agree with Plaintiffs and find that the public would be best served with companies complying with ADA requirements, and making these public buildings accessible to all persons. Thus, Defendants have failed to show that public interests weigh in their favor.

      D.    <u>Likelihood of Success on the Merits of the Appeal</u>

Based on my findings in this Order, the first three "harm" factors do not support a relaxed review of the "likelihood of success" factor. Defendants produce no new evidence that my prior rulings are in error. Thus, I find that Defendants are not likely to succeed on appeal. Accordingly, I find that Defendants' motion to stay injunctive relief pending appeal pursuant to Fed. R. Civ. P. 62(c) shall be denied.

III.    CONCLUSION

Based on the foregoing, it is

ORDERED that the Defendants' Motion to Stay Injunctive Relief Pending Appeal (ECF No. 217) is **DENIED.**

Dated:  November 15, 2013

                                                BY THE COURT:


                                                s/ Wiley Y. Daniel
                                                Wiley Y. Daniel
                                                Senior United States District Judge